LOCKRIDGE v. STOKES.

Opinion delivered November 26, 1917.

1. TAXATION—SUIT TO CONFIRM—PRESUMPTION.—In a suit to confirm a tax title, where the decree recites that it was based upon sufficient evidence, in the absence of the record from the transcript, it will be presumed that the finding is valid.

2. TAXATION—TAX TITLE—VALIDITY.—In an action to confirm a tax title, where the defendant failed to show any title, he can not challenge plaintiff's title under the tax sale, in view of Kirby's Digest, § 7105, which provides that no person shall be permitted to question a tax title without first showing that he or the person under whom he claims had title at the time of the sale.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Pro se,* for appellant.

Argues that the sale was void for want of proper notice. Kirby's Digest, § § 662-3-4; 71 Ark. 211; 55 *Id.* 192, 213; 68 *Id.* 426.

Appellee did not file tax receipts showing payment of taxes for three years next before filing the petition. *Ib.* § 665; 68 Ark. 211; 75 *Id.* 180.

*John L. Ingram,* for appellee.

The transcript does not contain all the evidence. The decree in the Holmes case is not set out. That decree divested appellant of all title. The law as to confirmation of tax titles was in all things duly complied with. The payment of taxes was immaterial.

McCULLOCH, C. J. This cause originated as an *ex parte* proceeding instituted by appellee under the statute to confirm a tax title to a tract of land in Arkansas County. Appellant appeared, and was made a party to the proceedings, and asserted title to the land, deraigning back through one Holmes to the United States Government. The cause thereafter progressed as an adversary proceeding between appellee as plaintiff and appellant as defendant, and a final decree was rendered in appellee's favor confirming her title to the land. The decree

recites that the cause was heard "on the pleadings filed by both parties and the evidence introduced on behalf of both parties, including the notice of confirmation and tax receipts filed by petitioner and the record of decree of this court in the case of C. M. Lockridge v. William Holmes et al., No 68, on the docket of this court introduced in evidence on behalf of petitioner." The court found that appellant had "no right, title, claim or interest in or to said land, or any part thereof, but that the title thereto is good in the petitioner, Nannie H. Stokes."

The transcript does not contain the record of the decree in Lochridge v. Holmes, and we must indulge the presumption that the decree adjudicated the title against appellant. Appellant, therefore, failed to show any title to the land, and is, therefore, not in an attitude to challenge the validity of appellee's title under the tax sale. Kirby's Digest, sec. 7105. The decree was, therefore, correct according to the presumption which must be indulged on review by this court, and the same is affirmed.